Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ZAROUR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOVE, INC., a Delaware Corporation, d/b/a Realtor.com; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>   1. **DIRECT COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiff Alex Zarour, through counsel, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

# PARTIES

4. Alex Zarour ("Zarour") is a professional photographer residing in Los Angeles County, CA. Zarour specializes in photographing architecture and interior design.

5. Defendant MOVE, INC. ("MOVE") is a Delaware corporation with its principal place of business located at 30700 Russell Ranch Road, Westlake Village, CA 91362. On information and belief, MOVE owns, operates, and/or controls the commercial website realtor.com ("MOVE's Website"). MOVE is well-versed in copyright law, as it has been sued numerous times for copyright infringement.

6. Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with MOVE, the "Defendants"), are other parties not yet identified who are responsible in some manner for the occurrences herein alleged, and that Zarour's damages as herein alleged were proximately caused by the conduct of said Defendants. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Zarour, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Zarour alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Zarour's rights and the damages to Zarour proximately caused thereby.

///

///

**CLAIMS RELATING TO THE SUBJECT PHOTOGRAPHS**

8. Zarour is a professional architectural and interior design photographer whose business consists, in part, of capturing photographs of luxury real estate and celebrity homes and licensing the rights to reproduce and distribute those photographs.

9. MOVE's Website, realtor.com, offers a comprehensive list of properties, as well as other information and tools for those interested in real estate.

10. On information and belief, MOVE's Website also publishes articles regarding, *inter alia*, real estate news, celebrity real estate, and expensive or popular homes. MOVE frequently incorporates photographs or videos of the real estate discussed in such articles.

11. Zarour took and owns 61 original photographs registered with the United States Copyright Office under U.S. Copyright Reg. Nos VA0002320044 (registered September 9, 2022); VA0002322426 (registered October 9, 2022); VA0002320705 (registered September 28, 2022); VA0002320844 (registered September 19, 2022); VA0002321568 (registered October 4, 2022); VA0002321339 (registered October 4, 2022); and VA0002322128 (registered October 5, 2022) (collectively, the "Subject Photographs"). True and correct copies of the Subject Photographs are set forth in **Exhibit 1**.

12. On or around September 9, 2022, Zarour registered the following nine (9) photographs with the United States Copyright Office (Registration No. VA0002320044):

- 23500 Park Sorrento - ©virtuallyherestudios.com-1.jpg;
- 23500 Park Sorrento - ©virtuallyherestudios.com-8.jpg;
- 23500 Park Sorrento - ©virtuallyherestudios.com-9.jpg;
- 23500 Park Sorrento - ©virtuallyherestudios.com-10.jpg;
- 23500 Park Sorrento - ©virtuallyherestudios.com-16.jpg;
- 23500 Park Sorrento - ©virtuallyherestudios.com-23.jpg;

- 23500 Park Sorrento - ©virtuallyherestudios.com-27.jpg;
- 23500 Park Sorrento - ©virtuallyherestudios.com-28.jpg; and
- 23500 Park Sorrento - ©virtuallyherestudios.com-32.jpg (collectively, the "Park Sorrento Images").

13. On or around October 8, 2022, Zarour registered the following eleven (11) photographs with the United States Copyright Office (Registration No. VA0002322426):

- 9551 Oak Pass - virtuallyherestudios.com-18.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-26.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-28.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-39.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-47.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-22.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-19.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-1.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-34.jpg;
- 9551 Oak Pass - virtuallyherestudios.com-27.jpg; and
- 9551 Oak Pass - virtuallyherestudios.com-16.jpg (collectively, the "Oak Pass Images").

14. On or around September 28, 2022, Zarour registered he following nine (9) photographs with the United States Copyright Office (Registration No. VA0002320705):

- 5672 Valley Oak - virtuallyherestudios.com- 11.jpg;
- 5672 Valley Oak - virtuallyherestudios.com-12.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 45.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 51.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 74.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 5.jpg;

- 5672 Valley Oak - virtuallyherestudios.com- 18.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 23.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 81.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 89.jpg;
- 5672 Valley Oak - virtuallyherestudios.com- 1.jpg; and
- 5672 Valley Oak - virtuallyherestudios.com- 97.jpg (collectively, the "Valley Oak Images").

15. On or around September 19, 2022, Zarour registered the following six (6) photographs with the United States Copyright Office (Registration No. VA0002320844):

- 1035 Stradella - virtuallyherestudios.com-8.jpg;
- 1035 Stradella - virtuallyherestudios.com-19.jpg;
- 1035 Stradella - virtuallyherestudios.com-5.jpg;
- 1035 Stradella - virtuallyherestudios.com-1.jpg;
- 1035 Stradella - virtuallyherestudios.com-3.jpg; and
- 1035 Stradella - virtuallyherestudios.com-13.jpg (collectively, the "Stradella Images").

16. On or around October 4, 2022, Zarour registered the following seven (7) photographs with the United States Copyright Office (Registration Nos. VA0002321568 and VA0002321339):

- 1188 Hillcrest - virtuallyherestudios.com-42.jpg;
- 1188 Hillcrest - virtuallyherestudios.com-31.jpg;
- 1188 Hillcrest - virtuallyherestudios.com- 8.jpg;
- 1188 Hillcrest - virtuallyherestudios.com-9.jpg;
- 1188 Hillcrest - virtuallyherestudios.com-34.jpg;
- 1188 Hillcrest - virtuallyherestudios.com-7.jpg; and
- 1188 Hillcrest - virtuallyherestudios.com-12.jpg (collectively, the "Hillcrest Images").

17. On or around October 4, 2022, Zarour registered the following ten (10) photographs with the United States Copyright Office (Registration No. VA0002321568):

- 2151 Hollyridge Loop - virtuallyherestudios.com-70.jpg;
- 2151 Hollyridge Loop - virtuallyherestudios.com-42.jpg;
- 2151 Hollyridge Loop - virtuallyherestudios.com-38.jpg;
- 2151 Hollyridge Loop - virtuallyherestudios.com-62.jpg;
- 2151 Hollyridge Loop - virtuallyherestudios.com-66.jpg;
- 2151 Hollyridge Loop - virtuallyherestudios.com-47.jpg;
- 2151 Hollyridge Loop - virtuallyherestudios.com-45.jpg;
- 2125 Hollyridge Loop - virtuallyherestudios.com-1.jpg;
- 2151 Hollyridge Loop - virtuallyherestudios.com-77.jpg; and
- 2151 Hollyridge Loop - virtuallyherestudios.com-76.jpg (collectively, the "Hollyridge Loop Images").

18. On or around October 5, 2022, Zarour registered the following nine (9) photographs with the United States Copyright Office (Registration No. VA0002322128):

- 2406 N Catalina St - virtuallyherestudios.com-12.jpg;
- 2406 N Catalina St - virtuallyherestudios.com-55.jpg;
- 2406 N Catalina St - virtuallyherestudios.com-6.jpg;
- 2406 N Catalina St - virtuallyherestudios.com-18.jpg;
- 2406 N Catalina St - virtuallyherestudios.com-20.jpg;
- 2406 N Catalina St - virtuallyherestudios.com-52.jpg;
- 2406 N Catalina St - virtuallyherestudios.com-26.jpg;
- 2406 N Catalina St - virtuallyherestudios.com-60.jpg; and
- 2406 N Catalina St - virtuallyherestudios.com-9.jpg (collectively, the "Catalina Images").

19. On information and belief, Zarour alleges that Defendants displayed, published, reproduced, created derivative works of, distributed, and/or otherwise used copies of the Subject Photographs, in their entireties, for commercial purposes, including, without limitation, by posting the Subject Photographs online on MOVE's Website for MOVE's commercial benefit (collectively, the "Accused Posts"). True and correct copies of screen captures of the Accused Posts are set forth in **Exhibit 1**.

20. On or around September 12, 2022, MOVE used the Park Sorrento Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/kim-kardashian-relists-calabasas-condo-for-3-5m/.

21. On or around September 23, 2022, MOVE used the Park Sorrento Images at the following URL: https://www.realtor.com/videos/kim-kardashian-reportedly-lists-her-calabasas-condo-again-and-hidden-hills-home/a6b6eb10-b2fb-44c4-b97c-b9eedf6a7ee1/.

22. On or around November 2, 2022, MOVE used the Oak Pass Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/its-special-lizzo-reportedly-buys-harry-styles-former-beverly-hills-mansion/.

23. On or around November 22, 2022, MOVE used the Oak Pass Images at the following URL: https://www.realtor.com/videos/lizzo-feeling-good-as-hell-in-beverly-hills-mansion-she-bought-from-harry-styles/e0bea36d-764f-43e7-a246-cdbd26430c0f/.

24. On or around February 15, 2023, MOVE used the Valley Oak Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/simon-helbergs-la-estate-on-the-market/.

25. On or around February 15, 2023, MOVE used the Stradella Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/botched-star-paul-nassif-lists-bel-air-home/.

26. On or around March 24, 2021, MOVE used the Hillcrest Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/anthony-russo-lists-historic-super-hero-home-in-pasadena/.

27. On or around June 5, 2021, MOVE used the Hillcrest Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/anthony-russo-sells-blockbuster-estate-in-pasadena/.

28. On or around August 21, 2021, MOVE used the Hollyridge Loop Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/danny-masterson-selling-hollywood-hills-home/.

29. On or around August 12, 2020, MOVE used the Catalina Images at the following URL: https://www.realtor.com/news/celebrity-real-estate/nick-kroll-buys-spanish-style-home-in-los-feliz/.

30. At no point did MOVE ever receive authorization or consent from Zarour for its exploitation of the Subject Photographs.

31. In numerous Accused Posts, MOVE's Website falsely credits "realtor.com" as the author of the Subject Photographs.

32. On or around May 12, 2025, Zarour sent a letter to MOVE demanding that they cease-and-desist from their unauthorized commercial use of the Subject Photographs in the Accused Posts, including the false attributions of authorship/ownership of the Subject Photographs. MOVE failed to respond.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

33. Zarour repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

34. The Subject Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States' copyright laws (17 U.S.C. § 101 *et seq.*).

35. Zarour owns valid copyrights in the Subject Photographs, having registered the Subject Photographs with the United States Copyright Office.

36. Defendants, and each of them, had access to the Subject Photographs, including on Zarour's website, on third-parties' websites, through those who were authorized licensees of the Subject Photographs, and/or through Internet search engine.

37. Defendants, and each of them, stored, copied, displayed, published, reproduced, created derivative works of, distributed, and/or otherwise used the Subject Photographs without license, authorization, or consent from Zarour.

38. Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Zarour's rights, such that said acts of copyright infringement were, willful, intentional, malicious, and/or taken with reckless disregard for Zarour's rights.

39. Due to Defendants' (and each of their) acts of copyright infringement, Zarour has suffered damages in an amount to be established at trial.

40. Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Zarour's rights in the Subject Photographs. As such, Zarour is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Zarour's rights in the Subject Photographs in an amount to be established at trial.

41. Alternatively, to the extent applicable under 17 U.S.C. § 412, Zarour is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per

infringement. Within the time permitted by law, Zarour will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Zarour prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Zarour be awarded Defendants' (and each of their) profits, plus Zarour's losses, attributable to Defendants' infringements of the Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under the statutes set forth above, to the extent that they are available;

    b. That Zarour be awarded its costs and fees under the statutes set forth above;

    c. That Zarour be awarded its costs and attorneys' fees to the extent that they are available under the Copyright Act 17 U.S.C. § 101 et seq.;

    d. That Zarour be awarded pre-judgment interest as allowed by law;

    e. That Zarour be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 18, 2025

                                    DONIGER/BURROUGHS

                                By:   /s/ *Stephen M. Doniger*
                                         Stephen M. Doniger, Esq.
                                         Nelson A. Campbell, Esq.
                                         *Attorneys for Plaintiff*